The opinion of the Court was delivered by
Wardlaw, J.
Witnesses, offered by the plaintiffs, were rejected because they were creditors of S. C. Thomas, now deceased, the alleged partner of Madden, and his estate, it was conceded, was insufficient for the payment of its debts. These witnesses had, it was supposed, an interest to cast the burden of the demand now sued on, upon the defendant Madden, and in that way to increase the fund, (Thomas’s estate,) to which they must look for payment.
An interest to create incompetency must be direct and certain, not remote and contingent. If these plaintiffs shall recover in this suit, and Madden shall pay them, and upon settlement of the partnership account between Madden and the representative of Thomas, the balance due to Madden shall be found less than the demand of these plaintiffs and other partnership debts which shall be paid by Madden in exoneration of Thomas’s estate, then the witnesses that were rejected, may derive benefit from the establishment of the partnership and the recovery by plaintiffs in this case. If the plaintiffs should recover against Madden, as survivor, their legal remedy against the administrator of Thomas will be gone; but their equitable remedy against him will remain, and that will, upon establishment of the partnership, give to the plaintiffs, partnership creditors, preference over the separate creditors of Thomas, in respect to all partnership effects in the hands of the administrator. But if the plaintiffs should not recover here, the verdict against them *18 would not be evidence, in a suit at law, by them, against the administrator of Thomas, upon the demand now in suit. If, upon settlement of partnership accounts, a balance should be found in Madden’s favor, that balance would be entitled to claim satisfaction from the partnership effects, before payment of separate creditors, and that balance, independent of pajmients which Madden may hereafter make to these plaintiffs and other partnership creditors, might exceed the amount of all such payments. The interest of the witnesses, as creditors of Thomas, was then far from being direct and certain. As to the administrator of Thomas, who was offered, his relief from a suit at law, by reason of a verdict in this case against Madden, and the estoppel of plaintiffs from denying the partnership which might thence result, makes some distinction between his case and that of other creditors of Thomas. The examination of what might possibly take place in equity, would probably show, that notwithstanding this distinction, his interest, as administrator, really was to defeat the plaintiffs, or diminish their recovery. But it is useless to enter into this, as the improper rejection of the other creditors is decisive of the case before us.
At most, these creditors cannot be considered in a more unfavorable view, than if this was an action against Thomas’s administrator, and the insolvency of Thomas’s estate was admitted. Every day’s experience shows that ordinarily a creditor-may be a witness for his debtor, in a suit between the debtor and a third person. If the contrary should be settled, there would be a mischievous exclusion of the truth in most of the important cases that are tried. No doubt, often the creditor is strongly biassed in his debtor’s behalf, by a well founded belief that the payment of his own debt depends upon the debtor’s success in the suit. But this, like the expectation of an heir apparent, must go to the credit and not to the competency. When the. debtor is dead, and the creditor is offered in behalf of his representative, the objection is somewhat stronger : for the hope of payment cannot then extend to future acquisitions of the debtor, but must be confined to what he left at his death. *19 Even then, however, the admissibility of the creditor has been thought so plain, that it has been used for illustration in overruling an objection made to the surety of the administrator. (Carter vs. Pearce, 1 T. R., 163.) The case of the creditor differs from that of a distributee of the estate. Every diminution of the estate must necessarily diminish the share of the distributee; but the establishment of an additional demand against the administrator of an estate, insufficient to pay its debts, does not necessarily affect the creditor; for he may already have judgment, or may be entitled to priority over this demand, or against his action the administrator may not plead plane ad-ministravit. In England, there is another contingency: the administrator, according to his right there, may, by confessing judgment, give to the creditor priority over others in equal rank; and as our statutes prevent this, the case of the creditor protecting, by his testimony, the administrator of his insolvent debtor, is here more like the case of one preserving a fund in which he has a direct interest. But the necessity of admitting creditors as witnesses in behalf of their debtors’ estates, is here so pressing, that the objection to their admission, which might often have been made, has rarely been brought to the notice of the Court. This admission seems at last, no matter what the evidence or admission of insolvency, to rest upon this: that before a final account and distribution of assets, in a proceeding to which all creditors, personally or by representation, are parties, this Court cannot assuredly know that the administrator will not be able to pay all the debts of his intestate: it would be intolerable (even if the Court was fitted for the purpose) to enter into such an account, in order to determine the competency of a witness, and therefore the interest of one creditor, in relation to another’s success, must be considered uncertain and contingent. Such an interest differs from that of a creditor of a bankrupt, an assignee of a demand sued on, a payee of a draft drawn on a fund in controversy, or any other person looking to a specific fund for payment; for in all of these cases, a direct gain or loss, either in amount or security, which is to result *20 from a suit, whereby the fund may be enlarged or diminished, preserved or destroyed, depends on no other contingency but the event of the suit. As evidence of the insolvency of an estate would not, without release, make a distributee a competent witness for an administrator, so it cannot make a mere creditor an incompetent one. That the distributee will be entitled to a share of the surplus is certain; that a creditor is entitled to payment, is certain too: but that there will be no surplus, or that the assets will be ultimately insufficient, cannot be made certain in a collateral inquiry between third persons.
On the first ground of appeal, the motion for new trial is therefore granted.
O’Neall, Frost, Withers and Glover, JJ., concurred.